# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JERMAN RONALD WHEELER,**

        **Plaintiff,**

**v.**                               **Case No:  6:12-cv-583-Orl-37TBS**

**BLACKBEAR TWO, LLC,**

        **Defendant.**

_____/

## ORDER

This cause is before the Court on Defendant's Motion to Dismiss Count III of Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. No. 8), filed on May 10, 2012, and Plaintiff's Memorandum in Opposition (Doc. No. 9), filed on May 18, 2012. Having reviewed the parties' filings and the relevant legal authority, the Court grants Defendant's motion.

## BACKGROUND

This action arises out of the alleged racial discrimination Plaintiff endured at his workplace. Plaintiff, an African American male, alleges that Defendant retaliated against him by suspending him and terminating his employment for purportedly complaining to management that he was subjected to a racially hostile work environment. The complaint alleges: Title VII- Retaliation (Count I); Chapter 760- Retaliation (Count II); and, Negligent Supervision and Retention (Count III). (*See generally* Doc. No. 1.) In support of his negligent supervision and retention claim, Plaintiff alleges that:

> The Defendant, including Defendant's supervisors[,] had knowledge and
> notice of its employees' history and propensities toward racial harassment

and intimidation of African Americans.  Despite said knowledge and notice of such dangerous propensities and unfitness, the Defendant . . . nevertheless willfully and intentionally retained said employees knowing that they would continue to have repeated contact and exposure to African Americans in the workplace, thereby breaching its duty to its employees and to the public to take reasonable care and precautions in its supervision and retention of its employees.

Said retention, under such circumstances[,] was unreasonable in the extreme and constitutes negligence by the Defendant . . . in its retention of said employees.

(Doc. No. 1, pp. 9-10, ¶¶ 46 & 47 (paragraph numbers omitted).)

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Id.* (quoting *Twombly*, 550 U.S. at 570).

In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted).  The alleged facts in the complaint must be accepted as true and be construed in the light most favorable to the non-movant. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).  Dismissal

is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### DISCUSSION

Defendant moves to dismiss Count III of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to sufficiently state a claim, and because, it alleges, "it is well-settled under Florida law that any claims arising from an employer's alleged violation of Title VII cannot serve as the basis for a plaintiff's negligent supervision and retention claim." (Doc. No. 8, p. 2.)  Plaintiff opposes this motion.  (*See generally* Doc. No. 9.)

Under Florida law, "negligent supervision and retention occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicates his unfitness and the employer fails to take further action such as investigation, discharge, or reassignment."  *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1298 (M.D. Fla. 2006).  "A negligent supervision and retention claim must be based on an injury resulting from a tort which is recognized under common law."  *Id.* (citing *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999)).

Plaintiff's claims stem from the failure of Defendant to correct a situation in which Plaintiff alleges that supervisors and employees harassed and discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Florida Statutes § 760.01, *et seq.*  These are not common law causes of action.  *See Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028, 1030 (Fla. 1st DCA 2002) ("Florida does not recognize a common law cause of

action for negligent failure to maintain a workplace free of sexual harassment;" affirming summary judgment on negligence claims based on employees' propensity to act in sexist, harassing and retaliatory manner); *McElrath v. Burley*, 707 So. 2d 836, 839 (Fla. 1st DCA 1998) (stating that claims of employment discrimination and retaliatory discharge did not exist at common law).

Apparently refuting that a negligent supervision and retention claim must be based on an injury resulting from a common law tort, Plaintiff submits that the Court should adopt the district court's conclusion in *Casey v. Wal-Mart Stores, Inc.*, 8 F. Supp. 2d 1330, 1342 (N.D. Fla. 1998).  There, the court found that because Florida recognizes a negligent supervision and retention cause of action, the claim based on allegations of unlawful touching, sexual harassment, retaliation and disparate treatment was viable.  *Id.* ("Plaintiffs are not proceeding under some non-ex[]istent, sexual harassment tort theory. Rather, a plain reading of the complaint shows that Plaintiffs base Count III in negligent retention and supervision, which is a clearly recognized cause of action in the Florida courts.") (footnote omitted).  The Court finds this case unpersuasive and also factually distinguishable.  *See id.* n.18 ("[E]ven if Defendant is somehow attempting to argue that as a prerequisite to bringing a negligent retention claim a plaintiff must plead an underlying common law tort, Plaintiffs in the instant case have done so, alleging unlawful touching under a tort theory of common law battery.") (internal citation omitted).  Here, no underlying common law tort is alleged.

Because Plaintiff fails to allege an injury resulting from a tort which is recognized under common law, Count III of Plaintiff's Complaint is due to be dismissed.[1]  Based on

---

[1]  In light of this ruling, the Court need not, and therefore does not, reach

the foregoing, Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. No. 8) is **GRANTED**.

      **DONE** and **ORDERED** in Orlando, Florida on August 21, 2012.

                                              ROY B. DALTON JR.
                                            United States District Judge

Copies furnished to:

Counsel of Record

---

Defendant's argument that Count III must be dismissed for failure to state a claim because Plaintiff's allegations are mere legal conclusions.  (Doc. No. 8, pp. 4-5.)