UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMAN RONALD WHEELER,

      Plaintiff,

v.                                    Case No.  6:12-cv-583-ORL-37TBS

BLACKBEAR TWO, LLC d/b/a MAGICAL
MIDWAY,

      Defendant.

_____/

ORDER

     Pending before the Court is Plaintiff's Motion for an Order Compelling

Discovery with Incorporated Memorandum of Law (Doc. 23).  Defendant has filed a

response in opposition (Doc. 24).

     Plaintiff is suing Defendant for damages resulting from the alleged deprivation

of his rights under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et

seq., Chapter 760 Florida Statutes, also known as The Florida Civil Rights Act of 1992

("FCRA"), and Florida common law.  (Doc. 1, ¶ 1).  Plaintiff is an African American

male who was employed by Defendant as a maintenance technician from about

August 2007 through April 2011.  (Doc. 1, ¶ 11).  He alleges that while employed by

Defendant, he endured a racially charged and hostile work environment and that

Defendant's management, as well as other employees contributed to the unwelcome,

offensive, and hostile employment environment he experienced.  (Doc. 1, ¶¶ 12-13).

Plaintiff avers that he informed Defendant's managerial employees about this

situation, but no reasonable investigation was undertaken and his complaints were

ignored and dismissed.  (Doc. 1, ¶¶ 24-25).  Plaintiff states that Defendant retaliated against him by reprimanding and suspending him for complaining about the racially offensive environment and that ultimately he was terminated in retaliation for complaining about Defendant's work environment.  (Doc. 1, ¶¶ 26-27).  Count I of Plaintiff's complaint alleges that he was the victim of race-based retaliation in violation of Title VII of the Civil Rights Act of 1964.  Count II alleges that the race-based retaliation Plaintiff suffered violated Chapter 760 Florida Statutes and Count III alleges that Defendant is guilty of negligent supervision and retention of employees who had a propensity toward racial harassment and intimidation of African Americans.

On July 16, 2012, Plaintiff propounded interrogatories to Defendant.  (Doc. 23). Defendant did not seek a protective order and furnished its unverified answers on September 5, 2012.  (Doc. 24-1).  The parties have not provided an explanation for why Defendant's answers were both untimely and unverified.  This dispute concerns Defendant's response to Plaintiff's interrogatory number 3:

> 3.  Please identify and list each employee employed by
> Defendant who worked with Plaintiff from the date of Plaintiff's
> hire through cessation of employment, indicating the rank,
> salary, and current status of each employee, last known
> address and full name.
>
> ANSWER:
>
> Defendant objects to this Interrogatory on the grounds that the
> phrase "current status of each employee" is vague and
> ambiguous and does not provide Defendant with sufficient
> information to adequately respond. Defendant further objects to
> this Interrogatory on the grounds that it is overly broad in
> subject matter in that it seeks the names of employees who
> have no firsthand knowledge regarding the allegations in
> Plaintiff's Complaint. Defendant served its Initial Rule 26

Disclosures and listed the names of the witnesses who it
believes has knowledge relevant to this case. Thus, requesting
the names of each and every individual who may have worked
with Plaintiff is nothing but an impermissible fishing expedition.
Defendant further objects to this Interrogatory on the grounds
that it seeks irrelevant information, is not reasonably
calculated to lead to the discovery of admissible evidence, and
may invade the privacy rights of non-parties to this action.
Specifically, names of individuals who worked with Plaintiff and
have no knowledge of Plaintiff's allegations are irrelevant, and
their compensation information is completely unrelated to
Plaintiff's retaliation claim. Plaintiff has not alleged a cause of
action for discrimination or disparate treatment based on
reduced or unequal pay.

The Court rejects Defendant's contention that the phrase "current status of
each employee" is so vague and ambiguous that Defendant could not adequately
respond. First, the Court is at a loss to understand why this matter was not resolved
during the parties' Local Rule 3.01(g) conference. Second, one of the commonly
understood definitions of the word "status" is a person's state or condition at a
particular time. Cambridge Dictionaries Online (American English). In the context in
which it is used in the interrogatory, I find that "current status of each employee"
means, and Defendant should have understood it to mean, whether the persons in
question were still employed by Defendant. Accordingly, this objection is
OVERRULED.

Next, Defendant asserts that the subject matter of the interrogatory is over
broad because it seeks the identity of employees who do not have first hand
knowledge of the matters alleged in Plaintiff's complaint. This objection is
SUSTAINED in part and OVERRULED in part. The Court agrees with the authorities
which hold that absent a showing of a particularized need, discovery of information

-3-

concerning Defendant's other employees should be limited to the department or location where Defendant worked.  <u>Cannata v. Wyndham Worldwide Corp.</u>, No. 2:10-cv-68-PMP-LRL, 2011 WL 2923888 *3 (D.Nev. July 18, 2011); <u>Serina v. Albertson's, Inc.</u>, 128 F.R.D. 290, 292-93 (M.D.Fla. 1989); <u>Davis v. Regions Bank</u>, No. 2:06-cv-264-MHT, 2006 WL 2135809 *1 (M.D.Ala. Aug. 1, 2006); and <u>Prouty v. National Railroad Corp.</u>, 99 F.R.D. 545, 547 (D.D.C. 1983).  Based upon the averments in Plaintiff's complaint, interrogatory number 3 is appropriately limited to those employees who worked in the same location as Plaintiff.

Plaintiff objects to the incorporation of Defendant's Initial Rule 26 Disclosures by reference.  I am not persuaded by Plaintiff's argument.  It is true that this practice has been criticized in other jurisdictions.  <u>See</u> <u>Trueman v. New York State Canal Corp.</u>, No. 1:09-cv-49 (LEK/RFT) 2010 WL 681341 *3 (N.D.N.Y. Feb. 24, 2010.); <u>Equal Rights  Center v. Post Properties, Inc.</u>, 246 F.R.D. 29, 35 (D.D.C. 2007); and <u>Scaife v. Boenne</u>, 191 F.R.D. 590, 594 (N.Ind. 2000).  However, in this case, Plaintiff has not demonstrated that the incorporation by reference of Defendant's Initial Rule 26 Disclosures makes it difficult or impossible for Plaintiff to comprehend Defendant's answer and Middle District Discovery (2001) at 16, while not binding precedent, does approve of referencing extrinsic matter in some although not most, situations.

Defendant objects on the ground that interrogatory number 3 seeks irrelevant information consisting of the names of employees who do not have any knowledge of the issues in this case.  Plaintiff is not required to accept Defendant's representation of who does and does not have discoverable information.  With that said, the Court

has already addressed this objection by restricting the scope of the interrogatory to employees who worked in the same location as Plaintiff.  Accordingly, this objection is SUSTAINED in part and OVERRULED in part.

Finally, Defendant objects to the disclosure of any information concerning compensation on the grounds that it is irrelevant and implicates the privacy rights of non-parties.  Under Florida law, Defendant does not have standing to object on the basis of its employees' privacy rights.  See Alterra Healthcare Corp. v. Estate of Shelley, 827 So. 2d 936, 940 (Fla. 2002).  While Florida recognizes an individual's right of privacy in article I, section 23 of the Florida Constitution, the right is personal to the individual.  Id. at 941.  The employees whose privacy interests are implicated in this case have not objected to the disclosure of their personnel files.  "This does not necessarily mean, however, that such important nonparty rights should not be considered, or that the right to privacy and the right to know should not be weighed, during the discovery process."  Id. at 944.  Federal courts recognize that personnel files contain private information and that they should exercise caution in permitting the discovery of information which may embarrass non-party employees.  This is particularly true when the information can be obtained from other, less intrusive sources.  Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169,184 (E.D. Pa. 2004) ("Federal courts have recognized a 'heightened standard of relevance' for discovery of information contained in personnel files."); Coker, 177 F.R.D. 682, 685 (M.D.Ala. 1998) (Personnel files are only discoverable when the information sought is clearly relevant and cannot be obtained from other sources.); see also Fullbright v. State

Farm Mut. Auto Ins. Co., 2010 WL 300436 at *2 (W.D.Okla.) (While not categorically out of bounds, personnel files are private and caution must be exercised in determining whether they should be disclosed.).

Here, Plaintiff argues the compensation paid to non-party employees is discoverable because it may be used to show the employees have a financial incentive to testify favorably for Defendant.  This argument is not persuasive.  Plaintiff can make this point to a jury without knowing the amounts actually paid to the employees.  After balancing the Plaintiff's stated need for this information against the employees' privacy interest, the Court finds that Defendant's objection on this ground should be SUSTAINED.

When a motion to compel is granted, Fed.R.Civ.P. Rule 37(a)(5)(A) provides for an award of reasonable attorneys' fees and other expenses to the prevailing party except in three limited circumstances.  The Court finds that the third exception, that "other circumstances make an award of expenses unjust," applies and therefore, Plaintiff shall not recover its expenses for this motion.

Upon consideration of the foregoing, Plaintiff's Motion for an Order Compelling Discovery with Incorporated Memorandum of Law (Doc. 23) is GRANTED in part and DENIED in part.  Defendant shall supplement its answer to interrogatory number 3 within 14 days from the rendition of this Order.

DONE AND ORDERED in Orlando, Florida on November 30, 2012.

THOMAS B. SMITH
United States Magistrate Judge

-6-

Copies to all Counsel of Record