UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMAN RONALD WHEELER,

    Plaintiff,

v.                                                     Case No: 6:12-cv-583-Orl-37TBS

BLACKBEAR TWO, LLC,

    Defendant.

## ORDER

Pending before the Court is Defendant's Motion to Strike Expert Report of Valuation & Litigation Services, LLC. (Doc. 58.) Plaintiff has filed a response in opposition (Doc. 60), and the matter is now ripe for review. The motion is due to be granted.

On the deadline for the disclosure of his expert reports, Plaintiff served a report prepared by Adam T. Magill of Valuation & Litigation Services, LLC (the "Report"). (Docs. 16, 58-1.) Magill is an Accredited Valuation Analyst, Certified Business Appraiser, and Certified Forensic Financial Analyst who holds an MBA with a concentration in finance and a BSBA in finance and management. (Doc. 58-1 at 4.) Plaintiff engaged him to evaluate Defendant's ability to pay punitive damages without going bankrupt. (Id. at 1.) Defendant has not challenged Magill's qualifications. (Doc. 58.)

Magill reviewed Defendant's: (1) 2011 corporate tax return; (2) 2011 Orange County Property Appraiser tangible personal property tax return; (3) balance sheets as of November 30 and December 31, 2011; (4) statements of income for the eleven months ended November 30 and the twelve months ended December 31, 2011; and (5) general

ledger detail for November and December 2011.  (Doc. 58 at 1.)  Magill analyzed these documents using "standard accounting practices," and then made adjustments to Defendant's balance sheet.  (Id.).  First, he reduced the value of Defendant's fixed assets to a salvage value of 10% of each asset's original value, based upon the age of the assets.  Second, he eliminated three long-term promissory notes payable, because he found each payee to be a related-party.  (Id.).  After making these adjustments, Magill concluded that Defendant "is capable of paying punitive damages without going bankrupt."  (Id. at 2.)  Magill did not state the amount of punitive damages he believes Defendant can pay.  (Id.).

In Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1963), the Supreme Court made clear that the trial court acts as a gatekeeper when it comes to the admission of expert opinion testimony.  In this role, the Court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."  Id. at 593-94.  Federal Rule of Evidence 702 lists criteria the Court considers in making its determination:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of any opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or date;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The party offering the expert witness testimony has the burden of establishing the witness's qualifications, reliability, and relevance.  <u>United States v. Frazier</u>, 387 F.3d 1244, 1260 (11th Cir. 2004).

On the final day to file <u>Daubert</u> motions, Defendant moved to strike the Report based upon Federal Rule of Evidence 702.  (Docs. 16, 58.)  As grounds, Defendant argues that Magill failed to explain the methodology he used to reach his ultimate conclusion and consequently, without taking Magill's deposition, it is impossible to tell whether his opinions are sufficiently reliable to be admitted.  The Court agrees.  Magill's statement that his analysis of Defendant's financial information is based on standard accounting practices is not sufficient.  <u>McCain v. Metabolife Int'l, Inc.</u>, 401 F.3d 1233, 1242 (11th Cir. 2005); <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.</u>, 402 F.3d 1092, 1111 (11th Cir. 2005) (Court should exclude testimony based on unexplained assurances that the expert's testimony relies on accepted principles or "evidence which is connected to existing data only by the *ispe dixit* of the expert."); <u>Furmanite America, Inc. v. T.D. Williamson, Inc.</u>, 506 F.Supp.2d 1126, 1130 (M.D. Fla. 2007).

The Report identifies the documents Magill reviewed; lists the adjustments he made to Defendant's balance sheet; and gives his final opinion.  But, the Report does not identify the principles, standards, or formulas, if any, that Magill employed.  And, there is no analysis or explanation of how Magill reached his conclusion that Defendant can pay punitive damages without going bankrupt.  As a result, the Court cannot tell whether Magill's opinions are "the product of reliable principles and methods," or if he "applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.

Defendant cites <u>In re: Commercial Financial Services, Inc.</u>, 350 B.R. 520, 528-29

- 3 -

(N.D. Okla. 2005), where the court opined that accounting is not an exact science and a Daubert hearing is not the time to fully test the validity of an expert accounting witness' assumptions. However, even in that case, which is not binding upon this Court, the court recognized that an accounting expert would need to employ "a methodology recognized in the profession or by the courts[.]" Id. at 528. Because the Court does not know what methodology Magill employed, or if it is suitable or appropriate in this case, the Court is unable to find that Magill's work is reliable under Daubert.

Defendant also argues that the Report should be stricken because it will not aid the jury. To assist the jury, the evidence must "concern matters that are beyond the understanding of the average lay person . . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63. Plaintiff's entitlement to punitive damages, and the amount, if any, to which Plaintiff is entitled are matters both sides can argue based upon the financial information Defendant has produced in discovery. The Court agrees with Defendant that Magill's opinion as stated in the Report will not be helpful to the jury.

For these reasons, the Court **GRANTS** Defendant's motion and **STRIKES** the Report.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 4 -